# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# GREENVILLE DIVISION

**WALTER CORNELIUS LEWIS**                                                                 **PLAINTIFF**

**V.**                                                                    **NO. 4:16-CV-100-DMB-DAS**

**MARSHAL FISHER, et al.**                                                                **DEFENDANTS**

## ORDER

Before the Court is United States Magistrate Judge David A. Sanders' January 22, 2019, Report and Recommendation, Doc. #71; and May 21, 2019, Report and Recommendation, Doc. #83.

## I
## Relevant Procedural History

On May 24, 2016, Walter Cornelius Lewis filed a pro se prisoner complaint against "Marshall Fisher," "Officer Page," "Officer Strickland," "Officer Marshall," and "Unnamed Officers." Doc. #1 at 1. Lewis' request to proceed in forma pauperis was granted June 16, 2016. Doc. #7. On November 7, 2018, United States Magistrate Judge David A. Sanders ordered the United States Marshal Service to personally serve Strickland. Doc. #54. Process to Strickland listing a Mississippi Department of Corrections ("MDOC") facility as his address was returned unexecuted on November 26, 2018, with a remark that "[p]rocess could not be served due to lack of full name …."[1] Doc. #61 at 2.

On December 3, 2018, Judge Sanders ordered Lewis to provide by January 2, 2019, a valid address for "Officer Edward Strickland"[2] for service of process since Strickland was no longer employed by MDOC, and warned Lewis that failure to comply may result in Strickland's

---

[1] The name of the person listed to be served was "Officer Strickland." Doc. #61 at 2.

[2] The source of Strickland's first name is unclear from the record.

dismissal. Doc. #62. On or about December 17, 2018, Lewis submitted a motion requesting that MDOC provide a valid address for Strickland. Doc. #67. Judge Sanders denied the motion because "[c]ounsel for MDOC has represented to the court that MDOC cannot determine a current address for service of process for this defendant." Doc. #72.

On January 22, 2019, Judge Sanders issued a Report and Recommendation ("Strickland R&R") recommending that Strickland be dismissed from this case because Lewis failed to provide a valid address for service of process as ordered. Doc. #71 at 1. Judge Sanders explained that "[t]he plaintiff, as the party initiating the suit, is ultimately responsible for providing sufficient information to locate each defendant" and that "[n]either the Marshal Service nor the defendants have been able to locate []Officer Strickland …." *Id*. Lewis objected to the Strickland R&R on or about February 11, 2019.[3] Doc. #76.

On February 21, 2019, Jeremy Page filed a motion for summary judgment, Doc. #77, which Lawardrick Marsher joined, Doc. #88.[4] Lewis responded in opposition to the motion on or about March 20, 2019. Doc. #82. On May 21, 2019, Judge Sanders issued a Report and Recommendation ("Summary Judgment R&R") recommending that the motion for summary judgment be granted and that this case be dismissed without prejudice for Lewis' failure to exhaust administrative remedies. Doc. #83 at 9. Lewis objected to the Summary Judgment R&R on or about May 31, 2019. Doc. #93.

**II**
**Standard of Review**

Under 28 U.S.C § 636(b)(1)(C), "[a] judge of the court shall make a de novo determination

---

[3] The envelope in which Lewis mailed the objection to the Court is not part of the record. Lewis dated the objection January 29, 2019. The Clerk's stamp on the document incorrectly indicates the filed date year as 2018.

[4] Because the claims against Fisher were dismissed December 28, 2017, *see* Doc. #28, and Strickland was never served, Page and Marsher are the only defendants before the Court who remain to defend against Lewis' claims.

of those portions of the report … to which objection is made." "[W]here there is no objection, the Court need only determine whether the report and recommendation is clearly erroneous or contrary to law." *United States v. Alaniz*, 278 F. Supp. 3d 944, 948 (S.D. Tex. 2017) (citing *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989)).

## III
## Strickland R&R

In his objection to the Strickland R&R, Lewis admits that it is his responsibility to locate Strickland but argues that "[a]s an incarcerated inmate i am limited and if the Marshal Service or defendants couldn't provide a valid address for service of process … it would be a daunting task for me!" Doc. #76 at 2.

Generally, "[t]he plaintiff is responsible for having the summons and complaint served …." Fed. R. Civ. P. 4(c)(1). "If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). Rule 4(m) directs the court to extend time for service "for an appropriate period" if the plaintiff shows good cause for the failure. "[T]he serving party bears the burden of proving good cause for failure to effect timely service." *Thrasher v. City of Amarillo*, 709 F.3d 509, 511 (5th Cir. 2013) (quotation marks and alterations omitted).

Lewis' 90-day period to serve Strickland has expired. However, "[a] plaintiff proceeding [in forma pauperis] 'is entitled to rely upon service by the U.S. Marshals and should not be penalized for failure of the Marshal's Service to properly effect service of process, where such failure is through no fault of the litigant.'" *Ellibee v. Leonard*, 226 F. App'x 351, 358 (5th Cir. 2007) (quoting *Rochon v. Dawson*, 828 F.2d 1107, 1110 (5th Cir. 1987)). "As long as the pro se prisoner provides the information necessary to identify the defendant, the Marshals' failure to

effect service automatically constitutes 'good cause' for an extension of time ...." *Murray v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) (collecting cases). Necessary information is information which would allow "the court-appointed agent [to] locate the prison-guard defendant with reasonable effort." *Richardson v. Johnson*, 598 F.3d 734, 740 (11th Cir. 2010). In this regard, a current address is unnecessary to locate a former employee. *Id.* at 739–40 ("It is unreasonable to expect incarcerated and unrepresented prisoner-litigants to provide the current addresses of prison-guard defendants who no longer work at the prison."). Ordinarily, a prisoner provides the necessary information when he identifies the defendant by "full name" and a previous assignment at a correctional facility. *Murray*, 378 F. App'x at 52.

Though Lewis initially failed to provide Strickland's first name, Strickland's first name is now a part of the record. Because it appears no service by the Marshal Service was attempted with the benefit of Strickland's first name, the Court concludes that Lewis has shown good cause for a limited fourteen-day extension for the Marshal Service to re-attempt service. Accordingly, the Strickland R&R will be rejected.

## IV
## Summary Judgment R&R

Lewis' objection to the recommendation that Page and Marsher's motion for summary judgment be granted and this case be dismissed without prejudice for failure to exhaust administrative remedies states in full: "Walter C. Lewis objects to all adverse rulings in the Report and Recommendation (R&R) issued on May 21, 2019. Petitioner's position is set out primarily in his prior filings." Doc. #93.

Lewis fails to specify which of his "prior filings" constitute his objection, and fails to explain why he believes they negate Judge Sanders' recommendation in the Summary Judgment R&R. Regardless, because none of Lewis' "prior filings" change the fact that he has failed to exhaust administrative remedies, his objection is overruled and the Summary Judgment R&R will

be adopted to the extent it recommends the motion for summary judgment be granted. However, because the Court has concluded that the dismissal of Strickland is premature, the Summary Judgment R&R will be rejected to the extent it recommends dismissal of the case in its entirety.[5]

V
**Conclusion**

Lewis' objection [76] to the Strickland R&R is **SUSTAINED** and the Strickland R&R [71] is **REJECTED**. A process order directing service on Strickland will issue separately.

Lewis' objection [93] to the Summary Judgment R&R is **OVERRULED**. The Summary Judgment R&R [83] is **ADOPTED in Part and REJECTED in Part** as the order of the Court. Page and Marsher's motion for summary judgment [77] is **GRANTED**. This case will proceed against Strickland to the extent he may be served.

**SO ORDERED**, this 20th day of August, 2019.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**

---

[5] Exhaustion is an affirmative defense which is waived if not asserted. *Dillon v. Rogers*, 596 F.3d 260, 271–72 (5th Cir. 2010). Accordingly, the Court declines to raise the exhaustion defense on behalf of Strickland.